# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

Denielle Vidal

Plaintiff,

V.

National Credit Systems, INC.,

Defendant.

Civil No.

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Denielle Vidal ("Plaintiff"), by and through herself/pro se, hereby files this Complaint against Defendant National Credit Systems, Inc. ("Defendant" or "NCS"), and in support thereof states as follows:

## NATURE OF THE ACTION

1. This is an action for damages and declaratory relief brought by Plaintiff against Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Plaintiff seeks statutory damages, actual damages, punitive damages, costs, and reasonable attorney's fees for Defendant's willful and/or negligent violations of federal law.

3. Defendant is a "debt collector" as defined by the FDCPA and a "furnisher of information" under the FCRA. Defendant engaged in unlawful debt collection practices by: (a) failing to

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

provide adequate debt validation as required by 15 U.S.C. § 1692g; (b) continuing collection activity after Plaintiff disputed the debt without providing verification; (c) reporting unverified and inaccurate information to consumer reporting agencies; and (d) failing to conduct a reasonable investigation after receiving notice of Plaintiff's dispute.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because: (a) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district; (b) Defendant conducts business in this district; and/or (c) Defendant is subject to personal jurisdiction in this district.

6. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201-2202.

## PARTIES

7. Plaintiff Denielle Vidal is a natural person and "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c), who resides in Weymouth, Massachusetts, within this judicial district.

8. Defendant National Credit Systems, Inc. is a corporation organized under the laws of Georgia, with its principal place of business located in Georgia. Upon information and belief, Defendant is

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

registered to do business in Massachusetts and regularly conducts business in this judicial district.

9. At all times relevant hereto, Defendant was engaged in the business of collecting debts owed or alleged to be owed to others.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another person.

11. Defendant is a "furnisher of information" under the FCRA, 15 U.S.C. § 1681s-2, because it regularly furnishes information to one or more consumer reporting agencies about its transactions or experiences with consumers.

## FACTUAL ALLEGATIONS

12. Defendant claims that Plaintiff owes a consumer debt (the "Subject Debt") in the amount of $6,570.00.

13. Defendant alleges the Subject Debt is owed to Stone Run East Apartments (the "Original Creditor").

14. The Subject Debt, if any exists, arises from transactions primarily for personal, family, or household purposes, specifically an alleged residential lease obligation, and therefore constitutes a "debt" under 15 U.S.C. § 1692a(5).

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

15. Plaintiff disputes the validity, accuracy, and/or amount of the Subject Debt. Plaintiff has no record of entering into any agreement that would give rise to the alleged obligation as described by Defendant, and/or disputes the accuracy of the amount claimed.

16. On or about April 3, 2024, Defendant began reporting the Subject Debt to consumer reporting agencies, including Equifax Information Services, LLC, Experian Information Solutions, Inc., and/or TransUnion, LLC.

17. Defendant's tradeline on Plaintiff's credit reports represents that Plaintiff owes Stone Run East Apartments the sum of $6,570.00.

18. Upon information and belief, Defendant also sent Plaintiff written communications attempting to collect the Subject Debt, which purported to contain the notices required by 15 U.S.C. § 1692g(a), including: (a) the amount of the debt; (b) the name of the creditor to whom the debt is owed; (c) a statement that unless the consumer disputes the validity of the debt within thirty days, the debt will be assumed valid; (d) a statement that if the consumer notifies the debt collector in writing within thirty days that the debt is disputed, the debt collector will obtain verification of the debt; and (e) a statement that, upon written request within thirty days, the debt collector will provide the name and address of the original creditor.

19. Beginning in or around April 2024 and continuing through the present, Plaintiff has sent multiple written disputes to Defendant, both directly and through the Consumer Financial Protection Bureau ("CFPB") complaint portal.

20. In each of Plaintiff's dispute communications, Plaintiff explicitly:

a. Disputed the validity of the Subject Debt in its entirety;

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

b. Disputed that Plaintiff owed any obligation to Defendant or Stone Run East Apartments;

c. Requested that Defendant provide validation of the alleged debt pursuant to 15 U.S.C. § 1692g(b);

d. Specifically requested that Defendant provide the bill of sale, assignment agreement, or purchase agreement demonstrating the chain of title and Defendant's authority to collect the Subject Debt;

e. Requested documentation showing the original lease agreement bearing Plaintiff's signature;

f. Requested a complete payment history and accounting of the alleged debt;

g. Requested documentation showing how the amount of $6,570.00 was calculated; and

h. Requested proof that the statute of limitations had not expired on the Subject Debt.

21. Plaintiff's disputes were received by Defendant, as confirmed by CFPB complaint records and other correspondence.

22. By sending timely written disputes, Plaintiff invoked the protections of 15 U.S.C. § 1692g(b), which requires Defendant to cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt and mails a copy of such verification to the consumer.

23. In response to Plaintiff's disputes, Defendant provided responses that it claimed constituted "validation" or "verification" of the Subject Debt.

24. Despite Plaintiff's repeated and specific requests, Defendant's responses failed to include the bill of sale, assignment agreement, or purchase agreement. Defendant did not provide any documentation demonstrating the chain of title from Stone Run East Apartments to Defendant or establishing Defendant's legal authority to collect the Subject Debt.

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

25. Without the bill of sale or assignment documentation, Defendant cannot establish that it has any legal authority to collect the Subject Debt or that any valid assignment of the debt occurred.

26. Defendant's responses were deficient and failed to constitute proper "verification" under 15 U.S.C. § 1692g(b) because they:

a. Failed to provide documentation sufficient to verify the existence of the alleged debt;

b. Failed to provide the original signed lease agreement between Plaintiff and Stone Run East Apartments;

c. Failed to provide the bill of sale, assignment agreement, or chain of title documentation;

d. Failed to provide a complete and itemized accounting of how the $6,570.00 amount was calculated;

e. Failed to provide documentation showing move-in/move-out dates, security deposit accounting, or itemized damages;

f. Consisted merely of computer-generated statements and/or unsubstantiated assertions; and/or

g. Failed to provide sufficient documentation to allow Plaintiff to meaningfully evaluate and dispute the alleged debt.

27. Courts have consistently held that verification under § 1692g requires more than merely providing the debt collector's own records or reiterating the debt's existence. See Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999) (verification is intended to "eliminate the problem of debt collectors 'dunning the wrong person or attempting to collect debts which the consumer has already paid'").

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

28. Despite Plaintiff's multiple timely written disputes and validation requests, and despite failing to provide adequate verification of the Subject Debt, Defendant has continuously engaged in collection activities against Plaintiff.

29. From April 2024 through the present, after receiving Plaintiff's disputes but without ever providing adequate verification, Defendant has:

a. Continued to report the Subject Debt to consumer reporting agencies Equifax, Experian, and/or TransUnion;

b. Updated the tradeline information on Plaintiff's credit reports, thereby renewing and continuing its collection activity;

c. Verified the disputed information as "accurate" or "meets FCRA requirements" to the consumer reporting agencies each time Plaintiff disputed the account; and

d. Refused to delete or cease reporting the unverified debt despite Plaintiff's repeated disputes.

30. By continuing collection activity including credit reporting, which constitutes collection activity under the FDCPA after receiving Plaintiff's written disputes and before providing adequate verification, Defendant violated 15 U.S.C. § 1692g(b). See *Seamans v. Temple University,* 744 F.3d 853, 865 (3d Cir. 2014) (reporting debt to credit bureaus constitutes "collection activity").

31. Since on or about April 3, 2024, and continuing through the present, Defendant has been furnishing information regarding the Subject Debt to one or more consumer reporting agencies ("CRAs"), including Equifax Information Services, LLC, Experian Information Solutions, Inc., and/or TransUnion, LLC.

32. The information Defendant furnished to the CRAs regarding the Subject Debt includes, but is not limited to: (a) the existence of the alleged debt; (b) the amount of $6,570.00; (c) the account

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

status; (d) the name of the original creditor as Stone Run East Apartments; and (e) payment history information.

33. The information Defendant furnished to the CRAs is inaccurate, incomplete, and/or unverifiable because:

a. Defendant cannot verify that Plaintiff owes the Subject Debt;

b. Defendant does not possess documentation establishing the chain of title or its authority to collect;

c. Defendant does not possess the bill of sale or assignment agreement demonstrating a valid transfer of the alleged debt from Stone Run East Apartments;

d. The amount of $6,570.00 that Defendant reports is inaccurate and/or unsubstantiated;

e. Defendant cannot produce the original lease agreement or any documentation signed by Plaintiff; and/or

f. Defendant is reporting information that it knows or should know is inaccurate and unverifiable.

34. Beginning in or around April 2024 and continuing through the present, Plaintiff has submitted multiple disputes regarding the Subject Debt directly with the consumer reporting agencies, including Equifax, Experian, and TransUnion.

35. Upon each dispute, the CRAs notified Defendant of Plaintiff's disputes pursuant to 15 U.S.C. § 1681i(a) (2).

36. Upon receiving notice of Plaintiff's disputes from the CRAs, Defendant had a legal duty under 15 U.S.C. § 1681s-2(b) to:

a. Conduct an investigation with respect to the disputed information;

b. Review all relevant information provided by the CRAs;

c. Report the results of its investigation to the CRAs;

d. If the investigation finds the information is incomplete or inaccurate, report those results to all

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

CRAs to which it furnished the information; and

e. Modify, delete, or permanently block the reporting of any item of information that is found to be inaccurate, incomplete, or cannot be verified.

37. Despite receiving multiple dispute notices from the CRAs over a period spanning from April 2024 to the present, Defendant failed to conduct a reasonable investigation of any of Plaintiff's disputes. Instead of meaningfully investigating, upon information and belief, Defendant merely confirmed its own internal records without reviewing the underlying documentation or verifying the accuracy of the information with Stone Run East Apartments or any other source.

38. Because Defendant does not possess the bill of sale or assignment documentation, it cannot verify the accuracy of the information it is reporting. A reasonable investigation would have revealed that Defendant lacks sufficient documentation to substantiate the alleged debt.

39. On each and every occasion that Plaintiff disputed the Subject Debt, Defendant responded to the CRAs by "verifying" the information as accurate or stating that the account "meets FCRA requirements." This pattern of reflexive verification without meaningful investigation demonstrates that Defendant engaged in nothing more than a rubber-stamp confirmation process.

40. The CRAs subsequently informed Plaintiff, on multiple occasions, that Defendant had "verified" the disputed information and that the Subject Debt would remain on Plaintiff's credit reports.

41. Defendant's repeated verification of disputed information it cannot substantiate constitutes a pattern and practice of FCRA violations.

42. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered concrete, particularized, and actual harm, including but not limited to:

a. Damage to creditworthiness: Plaintiff's credit score has been negatively impacted by Defendant's continuous reporting of the disputed, unverified debt of $6,570.00 since April 2024;

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

b. Denial of credit: Plaintiff has been denied credit, loans, and/or favorable credit terms due to the derogatory information reported by Defendant;

c. Increased borrowing costs: Plaintiff has been forced to pay higher interest rates and/or accept less favorable terms on credit obtained;

d. Emotional distress: Plaintiff has suffered anxiety, frustration, stress, and emotional distress as a result of Defendant's continuous unlawful conduct and refusal to remove the unverified debt despite multiple disputes over nearly a year;

e. Lost time and resources: Plaintiff has expended significant time and effort filing multiple disputes with the CRAs, submitting CFPB complaints, and attempting to correct the harm caused by Defendant's unlawful practices;

f. Invasion of privacy: Defendant's dissemination of false and unverified information about Plaintiff to third party credit bureaus has invaded Plaintiff's privacy interests; and

g. Reputational harm: The false reporting has damaged Plaintiff's reputation and financial standing.

43. Plaintiff's injuries are concrete and particularized, not merely procedural, and satisfy the requirements of Article III standing as articulated in Spokeo, Inc. v. Robins, 578 U.S. 330 (2016). The dissemination of materially inaccurate credit information causes the type of concrete harm that has traditionally been recognized as providing a basis for lawsuits in American courts. The continuous nature of Defendant's reporting and its repeated "verification" of disputed information over an extended period demonstrates ongoing, concrete injury.

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

# FIRST CAUSE OF ACTION

**Violation of the FDCPA – Failure to Provide Adequate Verification 15 U.S.C. § 1692g(b)**

44. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

45. The FDCPA, 15 U.S.C. § 1692g(b), provides that if a consumer notifies a debt collector in writing within the thirty-day validation period that the debt is disputed, the debt collector shall cease collection of the debt until the debt collector obtains verification of the debt and mails a copy of such verification to the consumer.

46. Plaintiff timely disputed the Subject Debt in writing on multiple occasions beginning in April 2024.

47. Defendant failed to provide adequate verification of the Subject Debt. Specifically, Defendant failed to provide the bill of sale, assignment agreement, or chain of title documentation that Plaintiff specifically requested, which would establish Defendant's authority to collect the debt and the validity of the alleged obligation.

48. Courts have recognized that proper verification requires more than mere confirmation of a debt's existence. The purpose of verification is to provide the consumer with enough information to dispute the debt knowledgeably. See *Chaudhry v. Gallerizzo,* 174 F.3d 394, 406 (4th Cir. 1999).

49. Defendant's responses to Plaintiff's validation requests were insufficient to constitute "verification" under the FDCPA because they failed to provide documentation that would allow Plaintiff to evaluate the legitimacy of the claimed debt.

50. Defendant's failure to provide adequate verification constitutes a violation of 15 U.S.C. § 1692g(b).

51. Defendant's violation was willful and/or negligent.

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## SECOND CAUSE OF ACTION

**Violation of the FDCPA – Continued Collection After Dispute Without Verification 15 U.S.C. § 1692g(b)**

52. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

53. Under 15 U.S.C. § 1692g(b), upon receiving a written dispute from a consumer within the validation period, a debt collector must cease collection of the debt until the debt collector obtains verification of the debt and mails a copy of such verification to the consumer.

54. After receiving Plaintiff's written disputes beginning in April 2024 and continuing to the present, and before providing adequate verification, Defendant continued its collection activities against Plaintiff, including continuing to report the Subject Debt to consumer reporting agencies and updating the tradeline information.

55. Credit reporting constitutes "collection activity" under the FDCPA. See Seamans v. Temple University, 744 F.3d 853, 865 (3d Cir. 2014).

56. By continuing collection activity after receiving Plaintiff's written disputes and before providing adequate verification, Defendant violated 15 U.S.C. § 1692g(b).

57. Defendant's violation was willful and/or negligent.

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

## THIRD CAUSE OF ACTION

**Violation of the FDCPA – False, Deceptive, or Misleading Representations 15 U.S.C. § 1692e**

58. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

59. The FDCPA, 15 U.S.C. § 1692e, prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. Section 1692e(2)(A) specifically prohibits the false representation of the character, amount, or legal status of any debt.

61. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

62. Defendant violated 15 U.S.C. § 1692e by:

a. Representing that Plaintiff owes a debt of $6,570.00 to Stone Run East Apartments that Defendant cannot verify;

b. Attempting to collect a debt without possessing the bill of sale or assignment documentation establishing Defendant's authority to collect;

c. Misrepresenting the legal status of the Subject Debt;

d. Misrepresenting the amount owed on the Subject Debt;

e. Furnishing false information to consumer reporting agencies; and/or

f. Using deceptive means to collect the Subject Debt by repeatedly "verifying" information it cannot substantiate.

63. The standard for evaluating FDCPA violations is the "least sophisticated consumer" standard. See *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Defendant's conduct would deceive or mislead the least sophisticated consumer.

64. Defendant's violations were willful and/or negligent.

## FOURTH CAUSE OF ACTION

### Violation of the FDCPA – Unfair or Unconscionable Collection Practices 15 U.S.C. § 1692f

65. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

66. The FDCPA, 15 U.S.C. § 1692f, prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

67. Section 1692f(1) specifically prohibits the collection of any amount unless such amount is expressly authorized by the debt agreement creating the debt or permitted by law.

68. Defendant violated 15 U.S.C. § 1692f by:

a. Attempting to collect a debt of $6,570.00 that Defendant cannot substantiate or verify;

b. Attempting to collect a debt without possessing the bill of sale, assignment, or chain of title documentation from Stone Run East Apartments;

c. Collecting or attempting to collect amounts not authorized by agreement or law;

d. Continuing collection activity after Plaintiff disputed the debt and before providing adequate verification; and/or

e. Reporting unverified derogatory information to credit bureaus for nearly a year, causing ongoing harm to Plaintiff's credit.

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

69. Defendant's violations were willful and/or negligent.

## FIFTH CAUSE OF ACTION

### Violation of the FCRA – Failure to Conduct Reasonable Investigation 15 U.S.C. § 1681s-2(b)

70. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

71. The FCRA, 15 U.S.C. § 1681s-2(b), imposes duties on furnishers of information who receive notice of a consumer's dispute from a consumer reporting agency.

72. Upon receiving notice of a dispute, a furnisher must: (a) conduct an investigation with respect to the disputed information; (b) review all relevant information provided by the CRA; (c) report the results of the investigation to the CRA; and (d) if the investigation finds the information is inaccurate, incomplete, or cannot be verified, modify, delete, or permanently block the reporting of that information. 15 U.S.C. § 1681s-2(b)(1).

73. Plaintiff disputed the accuracy of the information Defendant was furnishing to the CRAs on multiple occasions from April 2024 through the present.

74. The CRAs notified Defendant of each of Plaintiff's disputes pursuant to 15 U.S.C. § 1681i(a)(2).

75. Defendant failed to conduct a reasonable investigation of any of Plaintiff's disputes. A reasonable investigation would have required Defendant to:

a. Review the underlying documentation for the Subject Debt;

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

b. Obtain and review the bill of sale or assignment agreement from Stone Run East Apartments;

c. Verify the accuracy of the reported information with Stone Run East Apartments;

d. Review Plaintiff's specific dispute contentions; and

e. Determine whether the information being reported is accurate and complete.

76. Instead of conducting a reasonable investigation, upon information and belief, Defendant merely confirmed its own internal records without meaningful review of the underlying documentation. This "rubber-stamping" of previously reported information which occurred on every occasion Plaintiff disputed the account does not constitute a reasonable investigation under the FCRA.

77. Courts have consistently held that a furnisher's investigation must be more than a cursory review of internal records. See *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) (a reasonable investigation requires more than "simply rubberstamping a prior report"); Johnson v. MBNA America Bank, NA, 357 F.3d 426, 431 (4th Cir. 2004) (investigation must be reasonable in light of the information provided by the consumer).

78. Because Defendant does not possess the bill of sale or assignment documentation from Stone Run East Apartments, any investigation it conducted was necessarily unreasonable, as it could not verify the fundamental validity of the debt.

79. Defendant's repeated failure to conduct a reasonable investigation constitutes multiple violations of 15 U.S.C. § 1681s-2(b).

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

80. Defendant's violations were willful and/or negligent. A furnisher acts willfully when it knows or should have known that its conduct violated the FCRA, or when it acts in reckless disregard of the consumer's rights. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007). Defendant's pattern of verifying disputed information without conducting a meaningful investigation demonstrates reckless disregard for Plaintiff's rights.

## SIXTH CAUSE OF ACTION

### Violation of the FCRA – Furnishing Inaccurate Information 15 U.S.C. § 1681s-2(b)

81. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

82. Under 15 U.S.C. § 1681s-2(b)(1)(E), a furnisher must modify, delete, or permanently block reporting of information that is found to be inaccurate, incomplete, or cannot be verified.

83. After receiving notice of Plaintiff's multiple disputes from April 2024 through the present, Defendant was required to modify, delete, or block the reporting of the Subject Debt if it found the information to be inaccurate, incomplete, or unverifiable.

84. The information Defendant is furnishing about the Subject Debt cannot be verified because Defendant does not possess the bill of sale or assignment documentation from Stone Run East Apartments.

85. Despite its inability to verify the accuracy of the information, Defendant has continuously furnished information about the Subject Debt to the CRAs since April 3, 2024, and has updated and "verified" this unverifiable information on multiple occasions.

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

86. Defendant's continued furnishing of unverifiable information constitutes multiple violations of 15 U.S.C. § 1681s-2(b)(1)(E).

87. Defendant's violations were willful and/or negligent.

## DAMAGES

88. Plaintiff is entitled to recover damages under the FDCPA, including:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages up to $1,000 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Costs of this action; and

d. Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

89. Plaintiff is entitled to recover damages under the FCRA, including:

a. For willful violations: Actual damages or statutory damages between $100 and $1,000 per violation, punitive damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n; and/or

b. For negligent violations: Actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

90. Plaintiff's actual damages include but are not limited to: damage to credit score, denial of credit, emotional distress, anxiety, frustration, and loss of time expended on multiple disputes over nearly a year.

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. A declaration that Defendant's conduct violated the FDCPA, 15 U.S.C. § 1692 et seq.;

B. A declaration that Defendant's conduct violated the FCRA, 15 U.S.C. § 1681 et seq.;

C. An award of actual damages in an amount to be proven at trial;

D. An award of statutory damages under the FDCPA, 15 U.S.C. § 1692k(a)(2)(A);

E. An award of statutory damages under the FCRA, 15 U.S.C. § 1681n(a)(1)(A);

F. An award of punitive damages under the FCRA, 15 U.S.C. § 1681n(a)(2);

G. An order requiring Defendant to delete the Subject Debt from all consumer reporting agencies;

H. An award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 15 U.S.C. § 1681n(a)(3);

I. Pre-judgment and post-judgment interest as permitted by law; and

J. Such other and further relief as the Court deems just and proper.

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 30, 2026

Respectfully submitted,

Denielle Vidal

125 Broad St. APT N211

Weymouth, MA 02188

aevxxo@gmail.com

Plaintiff, Pro Se